# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

United States of America,                                  Case No. 3:17CR335

        Plaintiff

        v.                                                **ORDER**

Russell Smith,

        Defendant

      The defendant in this criminal case, Russel Smith, pleaded guilty to receiving and distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2). I sentenced Smith to 90 months of imprisonment and ordered him to pay a $100 special assessment. (Doc. 26).

      I also ordered that Smith pay $5,000 in restitution to the National Center for Missing and Exploited Children. (Doc. 31 at 33).

      Ordinarily, such payments go directly to the victims of child-pornography offenses. Here, however, the victims did not file formal or direct claims for restitution. Rather, the Department of Justice's Child Exploitation and Obscenity Section submitted a victim impact statement from one of the victims, "Tara," that requests restitution. (Doc. 17 at 9, ¶20).

      That request indicates that Tara had $18,136.40 in unreimbursed expenses stemming from her victimization, representing, *inter alia*, fees for counseling sessions; insurance premiums; and the lost value of her home, which she had to vacate because of harassment. (*Id.* at 10–11, ¶24).

Due to my uncertainty as to the propriety of ordering restitution in this case, I directed the parties to file briefs addressing whether I could: 1) order restitution at all "in the absence of a specific request from an identified victim for a certain designated amount"; and 2) "direct restitution to go to someone else other than the victim." (*Id.* at 31–32).

The briefs are now on file (Docs. 33, 35), and the matter is decisional.

## Discussion

Under 18 U.S.C. § 2259, a court "shall order restitution" in the case of a defendant convicted of a child-pornography offense.

"The order of restitution . . . shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the court[.]" 18 U.S.C. § 2259(b)(1). Such losses include: 1) medical services relating to physical, psychiatric, or psychological care; 2) necessary transportation, temporary housing, and child care expenses; 3) lost income; and 4) "any other losses suffered by the victim as a proximate result of the offense." 18 U.S.C. § 2259(b)(2)(3)(A), (C), (D), & (F).

Defendant argues that I cannot order restitution in this case because "there has been no financial loss tally provided by the victim(s) of the offense." (Doc. 33 at 5). He also contends that I have no power to order that any such restitution go to the National Center for Missing and Exploited Children because § 2259 instructs that a defendant must "pay the victim" any restitution. (*Id.* at 5–6).

The government responds that restitution is proper in this case because the Department of Justice has requested $18,136.40 in restitution on Tara's behalf. (Doc. 35 at 5). It further argues that Smith, by receiving and distributing images of Tara, proximately caused "a portion of that ongoing harm[.]" (*Id.*).

2

However, the government does not contend that I can direct that any restitution go to the National Center for Missing and Exploited Children, which I take as a concession that such an approach is not permissible.

Contrary to defendant's representation, the record establishes that the Department of Justice requested restitution on Tara's behalf. (Doc. 17 at 9, ¶¶20, 24). Moreover, § 2259 requires that I "award restitution to child-pornography victims in the full amount of the victim's losses proximately caused by the offense." *U.S. v. Reynolds*, 626 F. App'x 610, 620 (6th Cir. 2015).

For that reason, I conclude that I can – indeed, must – order restitution in this case.

However, I do agree with defendant that I can order him to pay that amount only to Tara, and not the National Center for Missing and Exploited Children.

## Conclusion

It is, therefore,

ORDERED THAT:

1. Defendant Russell Smith shall pay restitution to "Tara" in the amount of $5,000 through the Clerk of the U.S. District Court.

2. This restitution is due and payable immediately. Defendant shall pay 25% of his gross income per month, through the Federal Bureau of Prisons Inmate Financial Responsibility Program. If a restitution balance remains upon release from imprisonment, payment is to commence no later than 60 days following release from imprisonment to a term of supervised release and shall be paid at a minimum of 10% of a Defendant's gross monthly income during the term of supervised release and thereafter as prescribed by law. Notwithstanding establishment of a

payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before and after the date of this judgment.

3. The government's request for a special assessment under 18 U.S.C. § 3014 be, and the same hereby is, denied as untimely.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge